IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

_____

HEATHER MYER, o.b.o. K.W.C.,

                Plaintiff,

    v.

CAROLYN W. COLVIN,
Commissioner of Social Security,

                Defendant.

Civil Action No.
1:14-CV-00883 (DNH/DEP)

_____

APPEARANCES:      OF COUNSEL:

FOR PLAINTIFF:

OFFICE OF PETER M. MARGOLIUS    PETER M. MARGOLIUS, ESQ.
7 Howard St.
Catskill, NY 12414

FOR DEFENDANT:

HON. RICHARD S. HARTUNIAN    MONIKA K. CRAWFORD, ESQ.
United States Attorney for the    Special Assistant U.S. Attorney
Northern District of New York
P.O. Box 7198
100 S. Clinton St.
Syracuse, NY 13261


DAVID E. PEEBLES
U.S. MAGISTRATE JUDGE

# REPORT AND RECOMMENDATION

Plaintiff Heather Myer, on behalf of K.W.C., a minor, has commenced this action against Carolyn W. Colvin, the Commissioner of Social Security, pursuant to 42 U.S.C. § 405 seeking judicial review of the Commissioner's denial of her claim for benefits under Title XVI of the Social Security Act. Currently pending before the court is a motion brought by defendant seeking dismissal of plaintiff's complaint based on plaintiff's failure to timely commence this action within the sixty-day time period prescribed by section 405(g). For the reasons set forth below, I recommend that defendant's motion be granted.

## I. BACKGROUND

Plaintiff, on behalf of K.W.C., a minor, filed an application for Supplemental Security Income benefits with the Social Security Administration on January 9, 2012. Dkt. No. 7-2 at 4. Following the denial of her application on March 13, 2012, plaintiff then submitted a request for a hearing on April 6, 2012. *Id.* at 4, 6-17. An Administrative Law Judge subsequently conducted a hearing and denied plaintiff's claim on February 1, 2013. *Id.* at 4, 18-37. Plaintiff appealed that denial to the Social Security Administration Appeals Council on April 4, 2013, and the Appeals Council issued a written notice denying the claim on May 9, 2014. *Id.* at 4, 38-43.

According to the Appeal Council's notice, it was mailed to both plaintiff at her home address, 53 Lake Mills Road, Apartment 7, Cairo, NY 12413, and her attorney, at 7 Howard Street, Catskill, NY 12414. *Id.* at 4, 38-40. The postmark date on the envelope containing the notice sent to plaintiff's counsel is May 12, 2014. Dkt. No. 1 at 6. On July 18, 2014, plaintiff commenced this action appealing the Social Security Commissioner's denial of her claim for benefits. Dkt. No. 1.

On November 4, 2014, defendant filed the pending motion to dismiss plaintiff's complaint on the ground that the action was not timely commenced pursuant to 42 U.S.C. § 405. With the filing of plaintiff's response in opposition, the matter is now ripe for determination and has been referred to me for the issuance of a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and Northern District of New York Local Rule 72.3(d). *See also* Fed. R. Civ. P. 72(b).

II.  DISCUSSION

    A.    <u>Legal Standard Governing Timeliness Under 42 U.S.C. § 405(g)</u>

Section 405(g) of Title 42 of the United States Code authorizes judicial review in cases arising under Title XVI of the Social Security Act. That section provides, in pertinent part, that

> [a]ny individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action *commenced within sixty days* after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow.

42 U.S.C. § 405(g) (emphasis added). The prescribed sixty-day period for commencement of an action in federal court "is a condition on the waiver of sovereign immunity and thus must be strictly construed." *Bowen v. City of N.Y.*, 476 U.S. 467, 479 (1096); *accord Liranzo v. Astrue*, No. 07-CV-5074, 2010 WL 626791, at *1 (E.D.N.Y. Feb. 23, 2010).

By regulation, section 405(g) has been interpreted to require that judicial review "be instituted within 60 days after the Appeals Council's notice of denial of request for review of the administrative law judge's decision or notice of the decision by the Appeals Council is received by the individual[.]" 20 C.F.R. § 422.210(c). Accordingly, "[r]ather than commencing on the date notice of decision is [issued or] mailed to the claimant, the sixty day period starts from the time notice is received by the claimant." *Matsibekker v. Heckler*, 738 F.2d 79, 81 (2d Cir. 1984) (emphasis omitted). "[T]he date of receipt . . . is presumed to be 5 days after the date of such notice, unless there is a reasonable showing to the contrary." 20 C.F.R. § 422.210(c); *Matsibekker*, 738 F.2d at 81; *Liranzo*,

4

2010 WL 626791, at *1. Courts in this circuit have concluded that "there is some burden on a claimant to make a 'reasonable showing to the contrary' of the five-day presumption within [section] 422.210(c), beyond the mere allegations in his or her complaint." *Schneider v. Astrue*, No. 11-CV-0382, 2012 WL 1432451, at *2 (N.D.N.Y. Apr. 25, 2012) (Mordue, J.) (citing *Rodriguez v. Astrue*, No. 11-CV-1824, 2012 WL 662323, at *2 (D. Conn. Feb. 22, 2012); *Johnson v. Comm'r of Soc. Sec.*, 519 F. Supp. 2d 448, 449 (S.D.N.Y. 2007)). A reasonable showing to rebut the presumption may be made where plaintiff's mere assertion of non-receipt is substantiated by affirmative evidence. *See Matsibekker*, 738 F.2d, at 81-82 (finding that the claimant had successfully rebutted the presumption of receipt within five days by showing that the notice of decision was not postmarked until seven days after the notice date). If a claimant successfully rebuts the presumption that she received notice within five days of the date of the Appeal Council's decision, the government will be permitted the opportunity "to prove that [the claimant] received actual notice more than 60 days prior to the filing of the complaint in district court." *Matsibekker*, 738 F.2d at 81; *Liranzo*, 2010 WL 626791, at *1.

B. Analysis

In this case, the date of the notice of denial from the Appeals Council is dated May 9, 2014. Dkt. No. 1 at 2. Plaintiff filed her complaint in this action on July 18, 2014, which is five days beyond the sixty-day limitation period provided for in section 405(g), if receipt of the notice is presumed to have occurred on May 14, 2014. Dkt. No. 1. Plaintiff contends, however, that, because the Appeals Council's notice was not postmarked until May 12, 2014, it should be presumed that plaintiff did not receive the notice until May 17, 2014. Plaintiff further contends that, because May 17, 2014, was a Saturday, and the office of her attorney is not open on Saturdays, it should be presumed that plaintiff received the notice on the following Monday, May 19, 2014, thus rendering her complaint in this action timely.

Plaintiff's arguments are unpersuasive. Plaintiff has failed to offer any information detailing when either she or her attorney received the denial notice. Absent such information, it is reasonable to presume that she received the notice by May 14, 2014, two days after it was mailed and within the five-day presumption period. *See Davila v. Barnhart*, No. 01-CV-0194, 2002 WL 484678, at *2 (S.D.N.Y. Apr. 1, 2002) ("While the Notice was sent out on November 1, one day after its date of issuance, neither

[the plaintiff] nor her attorney remembers when they received the Notice. It is entirely reasonable to presume that they received it within four days of its mailing.").

Even if I was to adhere to plaintiff's theory that the five-day presumption period begins running from the date the notice was postmarked, however, it is of no moment that her attorney's office was closed on Saturday, May 17, 2014. The regulation interpreting section 405(g) does not provide that, in the event the presumptive fifth day for receipt is a Saturday (or Sunday or holiday), the sixty-day limitation period begins to run on the following business day. 20 C.F.R. § 422.210(c). In any event, counsel's unverified statement that his office was not open, apparently implying that he did not actually receive the notice on May 17, 2014, contained in a memorandum of law, rather than a declaration or affidavit, is not sufficient to rebut the presumption of receipt. *See Schneider*, 2012 WL 1432451, at *2 (concluding that the plaintiff's complaint was untimely where the plaintiff claimed that neither he nor his attorney received the notice until one-month after its issuance because "[t]his claim . . . is unverified. Indeed, plaintiff submitted no affidavits, declarations, or other evidence showing that he did not receive the notice from the Appeals Council within five days of its issuance").

Based on the foregoing, I do not find that plaintiff has rebutted the presumption that she received the Appeal Council's notice by May 14, 2014, five days after the date of its issuance. Accordingly, because plaintiff was required to file her complaint in this action no later than July 13, 2014, sixty days following the presumptive date of receipt, and five days before her complaint was filed, I recommend that she be barred by the applicable limitations period from pursuing this action.

IV.    SUMMARY AND RECOMMENDATION

By regulation, plaintiff is perceived to have received the Appeals Council's decision in this matter sixty-five days prior to commencement of this action. Because plaintiff failed to rebut this presumption, I find that plaintiff's complaint, on behalf of K.W.C., a minor, was not filed within sixty days of receipt of the Appeals Council's notice of denial of request for review, and is therefore time-barred.

Accordingly, it is hereby respectfully

RECOMMENDED that defendant's motion to dismiss (Dkt. No. 7) be GRANTED, and that plaintiff's complaint in this action be DISMISSED.

NOTICE: Pursuant to 28 U.S.C. § 636(b)(1), the parties may lodge written objections to the foregoing report. Such objections must be filed with the clerk of the court within FOURTEEN days of service of this report.

FAILURE TO SO OBJECT TO THIS REPORT WILL PRECLUDE APPELLATE REVIEW. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(d), 72; *Roldan v. Racette*, 984 F.2d 85 (2d Cir. 1993).

It is hereby ORDERED that the clerk of the court serve a copy of this report and recommendation upon the parties in accordance with this court's local rules.

Dated: December 15, 2014
Syracuse, New York

_____
David E. Peebles
U.S. Magistrate Judge

9